IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYES Y. RIOS,

        Petitioner,               No. CIV S-05-1711 MCE DAD P

   vs.

K. MENDOZA-POWERS, et al.,

        Respondents.        <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the Governor's reversal of a parole grant by the Board of Prison Terms in 2004.[1] The matter is before the court on respondents' motion to dismiss.

        Respondents argue that the petitioner should be denied for lack of federal subject matter jurisdiction and assert that there is no federally protected liberty interest in parole. Respondents rely on <u>Sass v. California Board of Prison Terms</u>, 376 F. Supp. 2d 975 (E.D. Cal. 2005), in which the district court held that California prisoners do not have a liberty interest in

---

[1] Effective July 1, 2005, California's Board of Prison Terms was abolished and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a) (West 2006) ("As of July 1, 2005, any reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

1

parole.  The Ninth Circuit has ruled that the district court's holding in <u>Sass</u> was based on a misreading of <u>In re Dannenberg</u>, 34 Cal. 4th 1061 (2005).  <u>Sass v. California Board of Prison Terms</u>, ___ F.3d ___, No. 05-16455, 2006 WL 2506393, at *3 (9th Cir. Aug. 31, 2006).  The Ninth Circuit concluded that "<u>Dannenberg</u> does not explicitly or implicitly hold that there is no constitutionally protected liberty interest in parole."  <u>Id.</u>  Accordingly, "California inmates continue to have a liberty interest in parole after <u>In re Dannenberg</u>."  <u>Id.</u> at *1.  Under clearly established Supreme Court authority, "'California's parole scheme gives rise to a cognizable liberty interest in release on parole.'"  <u>Id.</u> at *3 (quoting <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (9th Cir. 2002)).  The liberty interest exists even for prisoners who have not already been granted a parole date.  <u>Id.</u> (citing <u>Biggs v. Terhune</u>, 334 F.3d 910, 915 (9th Cir. 2003)).  Therefore, in light of the Ninth Circuit's holding in <u>Sass</u>, the court will deny respondents' motion.

On March 16, 2006, petitioner filed an application to proceed in forma pauperis.  Petitioner has already paid the filing fee so the application will be placed in the file and disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1.  Respondents' October 7, 2005 motion to dismiss is denied;

2.  Respondents shall file and serve a new response to petitioner's habeas petition within thirty days after this order is filed.  <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases.  An answer to the petition shall be accompanied by all transcripts and other documents relevant to the issues presented in the habeas petition.  <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases;

3.  If the response to petitioner's habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after the answer is served;

4.  If the response to petitioner's habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty

/////

1   days after the motion is served, and respondents' reply, if any, shall be filed and served within

2   fifteen days after petitioner's opposition is served; and

3           5.  Petitioner's March 16, 2006 application to proceed in forma pauperis shall be

4   placed in the file and disregarded as unnecessary.

5   DATED: September 1, 2006.

6

7   _____

8   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

9   DAD:4
    rios1711.sassmtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26