IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYES Y. RIOS,

    Petitioner,                     No. CIV S-05-1711 MCE DAD P

    vs.

K. MENDOZA-POWERS, et al.

    Respondent.                 ORDER

_____/

        Petitioner is a former state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1988 petitioner was convicted of second degree murder and sentenced to 15 years-to-life in state prison. (Pet. at 1; Answer, Ex. 1.) Petitioner challenges Governor Schwarzenegger's reversal of the 2004 decision by the Board of Parole Terms (hereinafter the "Board")[1] granting petitioner parole. In addition, petitioner claims the Governor exceeded his authority when he denied parole utilizing a law not in effect at the time of petitioner's conviction, in violation of the Ex Post Facto Clause.

        When he commenced this action on August 24, 2005, petitioner was in prison. (Pet. at 1; Answer at 1-2.) However, petitioner filed a notice of change of address on May 7,

---

[1] California has since replaced the Board of Prison Terms with the Board of Parole Hearings. See California Penal Code § 5075(a).

1

1  2007, indicating that he had been released on parole. (Doc. No. 14.) Petitioner's release from
2  custody raises a question as to whether this habeas action has been rendered moot. See Cantrell
3  v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001) (a case loses its quality as a "present,
4  live controversy" and becomes moot when there can be no effective relief).

PROCEDURAL BACKGROUND

After filing the instant petition with this court, petitioner filed another application for writ of habeas corpus on May 12, 2006. See CIV S-06-1047 MCE GGH P. In that application, petitioner challenged the 2005 decision by the Board finding him not suitable for parole. The Board's 2005 decision was allegedly based on the same facts that were relied upon one year earlier in 2004 when the Board found petitioner suitable for parole. (Id.)

On May 7, 2007, petitioner filed notices of change of address in both pending cases indicating that he had been released from prison on parole. On May 18, 2007, Magistrate Judge Gregory Hollows ordered petitioner to show cause why CIV S-06-1047 MCE GGH P should not be dismissed as moot. On June 7, 2007, in response to that order, petitioner requested that:

> this court not dismiss his petition for Habeas Corpus because the issue addressed in Petitioners [sic] Petition and response to answer is still a valid issue.
>
> Petitioner has been released from prison but still remains on parole. In the petition, Petitioner asked the court for an immediate release with no parole because Petitioner has exceeded his parole date (with good time credits applied) and his parole time (Five years).
>
> Therefore, this Court can still determine whether Petitioner is entitled to have the excess time spent in prison applied to his parole. (See In RE ERNEST SMITH 2007 DJAR 6217). Petitioner further ask [sic] that Respondents be ordered to supply the court with the relevant documents to determine the actual term, time spent in custody, good time credits and length of parole.
>
> Petitioner request [sic] the court maintain jurisdiction over this case and determine that Petitioner is entitled to an immediate discharge from parole.

(CIV S-06-1047 MCE GGH P, Doc. No. 14.)

2

1  On September 14, 2007, the assigned district judge adopted the recommendation

2  by Judge Hollows that petitioner's application was not moot.

ANALYSIS

In <u>McQuillon v. Duncan</u>, 306 F.3d 895, 912 (9th Cir. 2002) ("<u>McQuillon I</u>"), it was determined that the appropriate remedy for a state prisoner whose parole date had been rescinded in violation of due process was immediate release. However, in that case there had been at least a three-year delay between the constitutional injury, i.e. the illegal restraint, and the grant of habeas relief. <u>McQuillon v. Duncan</u>, 342 F.3d 1012, 1015 (9th Cir. 2003) ("<u>McQuillon II</u>"). Thus, in response to the California Attorney General's later assertion that the appropriate relief was release to a state-mandated three-year period of parole, the Ninth Circuit explained:

> This argument overlooks the fact that if McQuillon had been released on the date to which he was entitled, he would have been released in May 1994. The three-year parole, which he would have been required to serve if he had been released on time, has long since expired.

<u>McQuillon II</u>, 342 F.3d at 1015. Thus, it would appear that available habeas relief extends not only to physical confinement in an institution, but also to addressing restrictions on liberty imposed as conditions of release on parole. <u>Id</u>.; <u>see also</u> <u>Bush v. Solis</u>, 2004 WL 2600141, at *2 (N.D. Cal. Nov. 16, 2004) ("This court's power to grant habeas relief includes the ability to . . . change the conditions of his supervised release"); <u>Carlin v. Wong</u>, 2008 WL 3183163, at *2 (N.D. Cal. Aug. 4, 2008) ("Here, petitioner is entitled to credit against his parole period for his time in confinement that was in violation of his due process rights. Had respondent not violated petitioner's due process rights by denying parole on December 15, 2003, petitioner would have been released when the parole suitability determination became final after the 150 day review period.").

In his findings and recommendations filed July 26, 2007, Judge Hollows concluded that "were this court to find that petitioner should have been found suitable [for parole], the time he spent incarcerated until he was released on parole would be applied to his

parole term pursuant to the reasoning of the state appellate court in In re Smith. For this reason, the court finds that this action is not moot." (CIV S-06-1047 MCE GGH P, Doc. No. 15 at 2-3.)

Here, petitioner was convicted of second degree murder in 1988 and sentenced to 15 year-to-life in state prison. One state appellate court has recently interpreted California Penal Code § 3000.1 to provide that "a person convicted of a second degree murder that occurred after January 1, 1983 is subject to lifetime parole and becomes eligible for discharge from parole 'when [such] a person...has been released on parole from the state prison, and has been on parole continuously for five years[.]'" In re Chaudhary, 172 Cal. App. 4th 32, ___, 90 Cal. Rptr. 3d 678, 679 (2009). That court also determined that the five-year parole discharge eligibility requirement cannot be satisfied by time spent in prison prior to release from confinement on parole. 90 Cal. Rptr. 3d at 681.

In light of the decision cited above, the court will direct respondent to address the impact of petitioner's release from prison on his habeas petition in this federal habeas action. Accordingly, it is ORDERED that:

1. Respondent shall file a brief with the court within 14 days of the filing of this order addressing whether habeas relief is still available to petitioner in the event that the Governor's reversal of the 2004 Board decision violated his right to due process;

2. Respondent shall also file within 14 days of the filing of this order the transcript and all related materials pertaining to petitioner's 2004 parole hearing before the Board in order to allow the court to properly evaluate the Governor's reversal of the Board's 2004 decision; and

/////
/////
/////
/////
/////

3. Petitioner may file, no later than 21 days from the filing of respondent's brief, a reply to respondent's brief.

DATED: April 15, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
rios1711order.hc