UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REYES Y. RIOS

        Petitioner,

No. 2:05-cv-01711-MCE-DAD

v.                                 **ORDER**

KATHY MENDOZA-POWERS, et al,

        Respondents.

----oo0oo----

Petitioner, Reyes Y. Rios, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against Kathy Mendoza-Powers, Warden and Bill Lockyer, Attorney General of the State of California (collectively "Respondents"). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On December 11, 2009, the magistrate judge filed findings and recommendations which were served on all parties and contained that any objections to the findings and recommendations were to be filed within twenty days. The findings and recommendations proposed that the instant habeas corpus petition be granted with respect to Petitioner's due process claim.

1

Respondents filed timely objections in response to the findings and recommendations. Respondents argued that (1) Petitioner's release from prison renders his petition moot and; (2) if the petition is not denied as moot, then the petition should be denied because Petitioner does not have a federally protected interest in parole.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C)and Local Rule 304, this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court rejects the reasoning employed by the magistrate judge and his ultimate recommendation to grant Petitioner's application for writ of habeas corpus. For the reasons set forth below, this Court finds the action should be administratively stayed pending the Ninth Circuit's en banc rehearing of its decision in <u>Hayward v. Marshall</u>, 527 F.3d 797 (9th Cir. 2008).

**A. Mootness of Petitioner's Claim.**

The magistrate judge found that relief is not foreclosed to Petitioner in the event that he prevails on his habeas petition, and that therefore the action is not moot. Further, the magistrate judge found that "any excess time Petitioner spent in prison in violation of his right to due process could be credited against the five-year parole discharge eligibility requirement in order to mitigate any constitutional injury against Petitioner." Findings and Recommendations, 15:13-15.

///
///

1      Respondents counter that because Petitioner has been
2 released from prison, he is no longer suffering an "actual
3 injury" that can be "redressed by a favorable judicial decision."
4 Resps.' Objections to Findings and Recommendations, 3:5-6.
5      Based on the language of California Penal Code § 3000.1, the
6 trend among the state courts and the federal district courts is
7 to deny applications for writ of habeas corpus as moot when the
8 petitioner is released on an indeterminate parole sentence.  The
9 language in § 3000.1 states in pertinent part:

> (a) In the case of an inmate sentenced...for any offense of first or second degree murder with a maximum term of life imprisonment, the period of parole, if parole is granted, shall be the remainder of the inmate's life.
>
> (b)...when a person referred to in subdivision (a) has been released on parole from the state prison, and has been on parole continuously for...five years in the case of any person imprisoned for second degree murder, since release from confinement, the board shall, within 30 days, discharge that person from parole, unless the board, for good cause, determines that the person will be retained on parole.

     Overwhelmingly, the rule followed by both California and federal courts is to deny a pending habeas petition as moot if the petitioner is released from prison, and § 3000.1 is applicable to his or her case.  In <u>In re Chaudhary</u>, 172 Cal. App. 4th 32 (Ct. App. 2009), the California Court of Appeals held that because the petitioner was not entitled to a remedy under state law in the form of credit to his lifetime period of parole supervision, his habeas petition was moot.  <u>Id</u>. at 37-39.

///
///
///

In Boyd v. Salazar, 2009 WL 2252507 (C.D. Cal. July 28, 2009), the Northern District found that there was no further remedy that the federal court could fashion even if the petitioner prevailed on his habeas challenge to an earlier parole denial. Id. at *1. Similarly, the Eastern District, also relying on Chaudhary, found a petitioner's habeas petition to be moot because the petitioner was released on an indeterminate parole term and that consequently, no further relief was available. Irons v. Sisto, 2009 WL 2171084, at *3 (E.D. Cal. July 20, 2009)

The only contrary case appears to be another Eastern District case, Thompson v. Carey, 2009 WL 1212202 (E.D. Cal. May 5, 2009). In Thompson, the court held that petitioner was entitled to a credit against his period of parole and ordered petitioner discharged from parole in thirty days, unless good cause was shown. Id. at *5. Thompson specifically rejected the reasoning in Chaudhary because "the court in Chaudhary did not acknowledge the rationale set forth in McQuillion II: that a prisoner who is unconstitutionally confined should be given credit for that time and placed in the position he would have been in had he been released on time." Id. at *4 (citing McQuillion v. Duncan, 342 F.3d 1012 (9th Cir. 2003) (McQuillion II)).[1]

///
///

---

[1] In Boyd v. Salazar, supra, the Northern District specifically declined to adopt the reasoning in Thompson. As Boyd stated, Thompson is "not binding precedent on another federal district court and the Court finds the reasoning of the Chaudhary court more persuasive." Boyd, 2009 WL 2252507 at *2.

4

Here, the magistrate judge opined that Petitioner "would be entitled to a reduction in time [that] he would have to wait for parole discharge review." Findings and Recommendations, 13:17-18. Like Thompson, the magistrate judge relied on McQuillion II, in which the Court declined the Warden's argument that McQuillion should not have been released without an accompanying three-year period of parole. 342 F.3d at 1015. The McQuillion II Court found that if McQuillion had been released on the proper date, he would have already served three years on parole. Id. Here, the magistrate judge analogized to McQuillion II in finding that because Petitioner suffered a due process violation when the Governor unreasonably applied the "some evidence" standard, he should have been released on parole in 2004 and in 2004 he would have been three years closer to his parole discharge review.

In reaching his conclusion, the magistrate judge also distinguished Chaudhary on grounds that it dealt only with finding a remedy for a violation of state law and "did not purport to limit the remedy a federal court may fashion to address a federal due process violation, nor could it." Findings and Recommendations, 13:7-9. The magistrate judge also found that Chaudhary's distinction between a fixed parole period and a lifetime parole is inadequate - "it is a distinction without a difference." Id. at 14:25.

The magistrate judge erred in finding that a federal remedy existed for two reasons. First, as the majority of courts have held, the language of § 3000.1 is expressly limited to the period of time after the parolee "has been released on parole."
///

The statute further requires that the parolee serve five continuous years on parole "since [the parolee's] release from confinement." "By placing these explicit limitations on the parole discharge eligibility requirements, the Legislature made unmistakably clear that a parolee must first have been 'released on parole' and must then complete five continuous years on parole after the parolee's 'release from confinement.'" Chaudhary, 172 Cal. App. 4th at 37 (quoting § 3000.1).

Second, the judge's reliance on McQuillion II is misplaced because the present case does not involve a fixed parole period. The case before the Court involves an indeterminate parole period, which is fundamentally different than the fixed parole period discussed in McQuillion II. In a fixed parole period setting, federal courts have unanimously concluded that a petition is not rendered moot by the petitioner's release from prison. See McQuillion II; Thomas v. Yates, 637 F. Supp. 2d 837, 842 (E.D. Cal. 2009); Basque v. Schwartz, 2009 WL 187920, at *3 (E.D. Cal. Jan. 20, 2009). To rectify the constitutional violations presented by these cases, the McQuillion II, Thomas, and Basque courts explained that the petitioners' fixed parole period could be credited for the period they were improperly confined.

Conversely, in an indeterminate parole setting, no such federal remedy is available. As the court in Chaudhary found:

> "[t]here is no way to apply credits to a lifetime parole period. Even if we were to assume that a parolee would be entitled to a credit against his or her parole period for time spent unlawfully incarcerated, that would not establish that section 3000.2's parole discharge eligibility requirement could be satisfied with such credits."

Thus, to apply such credits to an indeterminate parole period, as is done in the fixed parole period cases, would violate the plain language of the underlying statute - California Penal Code § 3000.1.

Respondents also argue that the magistrate judge erred in determining what the appropriate remedy would be. Respondents contend that the magistrate judge's decision "derives from the assumption that Rios would have been entitled to release from prison in the event of a due process violation." Resps.' Objections to Findings and Recommendations 3:14-15. Further, Respondents contend that if a violation is found, the appropriate remedy is a new review by the Governor because such an action would put Petitioner back in the place in which he would have been had the violation not occurred. Id. The Court need not reach a determination on this matter. Because the petition is moot at this time due to a lack of federal remedies, that issue need not be addressed.

**B.  Existence of a Federally Protected Right**.

After determining that the petition was not moot, the magistrate judge held that Rios had a federally protected liberty interest. The magistrate judge relied on McQuillion v. Duncan, 306 F.3d 895 (9th Cir. 2002) (McQuillion I) and Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).

However, this very issue is pending en banc before the Ninth Circuit in Hayward v. Marshall, 527 F.3d. 797 (9th Cir. 2008).
///

Having carefully reviewed the entire file, the Court finds the action should be administratively stayed pending the Ninth Circuit's decision in <u>Hayward v. Marshall</u>. The parties are directed to notify the Court within ten (10) days after a decision in <u>Hayward</u> is rendered. The Court will thereafter make a determination with respect to the December 11, 2009 findings and recommendations, and how this matter should proceed.

Accordingly, IT IS HEREBY ORDERED that:

1) The findings and recommendations of the magistrate judge are rejected as follows:

    a) with respect to the finding that Petitioner's application is not moot;

    b) with respect to the findings that Petitioner's application for a writ of habeas corpus be granted with respect to his due process claim; and

    c) with respect to the recommendation that Petitioner be discharged from parole within thirty days unless good cause is shown is rejected;

2) The Petitioner's application for a writ of habeas corpus is STAYED pending the Ninth Circuit's en banc determination in <u>Hayward v. Marshall</u>, <u>supra</u>.

IT IS SO ORDERED.

Dated: March 18, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE